## UNITED STATES v. INDEMNITY CO. OF NORTH AMERICA, Inc.

### No. 984.

District Court, S. D. Alabama.
Sept. 25, 1933.

Alex C. Birch, U. S. Atty., and J. E. Meredith, Asst. U. S. Atty., both of Mobile, Ala.

J. Gaillard Hamilton, of Mobile, Ala., for defendant.

ERVIN, District Judge.

This is a suit by the United States against the indemnity company as surety on a bond executed on the 15th day of October, 1929, by R. de Jonge, as master of the Dutch steamship, Waaldyke.

Upon the arrival of the steamship in Mobile on May 26, 1929, the master was notified by the immigration authorities that he should detain a certain seaman on the vessel and not permit him to land. The seaman landed and escaped. A demand was made upon the master for the penalty of $1,000 for failure to detain the seaman on the steamer. The steamer was desirous of sailing before the final determination of liability and asked leave to clear the vessel, and was informed that he could clear only by paying $1,000 to the Collector of Customs or by making a bond, and the master elected to make the bond, which was then prepared by the Collector of Customs at Mobile. When the bond was presented to the master he filed a protest in the following words: "You will please take notice that the undersigned, Rudolph de Jonge, as Master of the S. S. Waaldyke, as principal in a bond made by him to the United States of America, of even date herewith and executed contemporaneously herewith, does hereby protest against the phrase, 'as liquidated damages' used twice in said bond; and also separately protest against the expression 'has become liable,' preceding the clause, 'to a penalty of One Thousand Dollars ($1,000.00),' and also to the expression, 'after due notice to detain such alien member or members,' because and insofar as said expressions tend to constitute an admission that the said Master or vessel has become liable to a penalty, and that 'due notice' to detain was given, both of which are actually not admitted and are hereby denied, and said protestant hereby claims that due notice was not given to detain such alien member or members and that no liability was incurred by said Master or said ship; and also separately protests against said bond being made payable to the Collector of Customs at New Orleans, La., instead of at Mobile, Alabama, and further protests against the requirement of the Collector of Customs at Mobile that the said bond be signed in the form in which it is being signed and which is the only form in which said Collector of Customs at Mobile would permit it to be signed, which said signing is only being made subject to the aforesaid protest, and in order that clearance of the said vessel may be granted."

The plaintiff sues on the bond which it copies, and avers a failure to pay the amount of it and that this amount of $1,000 was finally determined by the Commissioner General of Immigration.

The defendant's plea raises the question that under the law the Commissioner General of Immigration has no power to assess or pass upon any fine, and that the Secretary of Labor or his assistants are the only ones authorized to hear the matter and impose a fine, and he also attaches to his plea a copy of the protest signed by the master at the time he executed the bond. The pleas are demurred to because they present no defense to the action and because they show no facts constituting a legal defense.

There are many other grounds alleged, but these are sufficient to raise the question I feel necessary to pass on.

The question arises under section 167 (a), chapter 6, title 8 USCA. This section provides that the master of any vessel arriving in the United States from a foreign port who fails to detain on board any alien seaman employed on such vessel until after inspection, or who fails to detain such seaman on board

after such inspection, or to deport such seaman if required by the immigration officer or Secretary of Labor, "shall pay to the collector of customs of the customs district in which the port of arrival is located the sum of $1,000 for each alien seaman in respect to whom such failure occurs. No vessel shall be granted clearance pending the determination of the liability to the payment of such fine, or while the fine remains unpaid, except that clearance may be granted prior to the determination of such question upon the deposit of a sum sufficient to cover such fine, or of a bond with sufficient surety to secure the payment thereof approved by the collector of customs."

It will be noticed in the first place that a bond may be given pending determination of liability, but not after the determination of liability.

It also will be observed that such bond is to be approved by the Collector of Customs who does not belong to the Department of Labor but does belong to the Treasury Department. Also that the fine shall be paid to the Collector of Customs, though it is to be imposed by some officer in the Department of Labor, because it is the immigration officer at the port of arrival who is to inspect the seaman, and either such immigration officer or the Secretary of Labor who shall notify the master that such seaman shall be detained on the vessel or deported by the ship.

We see here much confusion between the duties of the two departments in reference to the vessel, the master, and the seaman. We also see when we come to a bond provided for by section 167 (a) that the only thing said about the bond is that it must be a bond with sufficient security to be approved by the Collector of Customs. There is no form of bond given, and no data except the requirements of the section as to the duties of the master and in reference to the alien seaman and the amount of the fine which may be imposed. Nothing is said either about who is to impose the fine or how it shall be imposed or on what notice.

It is objected to the bond of the defendant, that the law requires all fines to be imposed by either the Secretary of Labor or one of the assistant secretaries of labor, and other provisions of the immigration law which provide for fines for other offenses are cited to show this.

The fact that the Secretary of Labor is required to assess fines for other offenses, and the ruling of courts on that duty, does not cover this case.

Here the statute is silent as to who shall impose the fine.

We know that the Collector of Customs has authority to impose administrative fines on vessels and masters for violation of many of our laws regulating vessels coming into our ports.

Here the statute says: "No vessel shall be granted clearance pending the determination of the liability to the payment of such fine."

The bond stated such determination was to be made by the Commissioner General. It was evidently contemplated that a speedy determination was to be had, but no rules were declared and even no notice provided for.

The officers were left to determine the form of the bond and who was to determine if a fine was to be paid. I think it would be going entirely too far to hold that their decision on this question, so left open, would make the bond absolutely void.

Permission to make the bond was asked by the master, so I can see no duress on him in requiring him to sign it. The feature providing for determination of liability by the Commissioner General was not protested, so I cannot see where he was required to do something illegal as a condition of being permitted to clear.

How could the requirement of a bond be duress on the captain when it was prepared at his request?

If it was not duress on the principal, it was not duress on the surety.

It is said, however, the objection now urged is not to the signing of a bond, but to illegal provisions contained in the bond.

The protest then made pointed out the objections then made, and this is not one of them.

The present objection is not to the imposition of the fine, as not being justified by the facts, but that the official who imposed it had no authority to do so.

There is no question that the vessel brought the seaman, that notification was given that he must be detained, that he was not detained but escaped from the vessel. So that every fact provided in this section authorizing imposition of the fine is shown, including the making of the bond and its signing by the surety. But the defendant seeks to escape liability by setting up want of authority in the Commissioner General of Immigration on the question of whether or not the

fine should be imposed. Looking to a provision found in the same title of section 101 of title 8, chapter 6, which provides for creation of the office of the Commissioner General of Immigration and his appointment, and section 102 which provides for his authority, we cite the latter section, stating: "The Commissioner General of Immigration under the direction of the Secretary of Labor shall have charge of the administration of all laws relating to the immigration of aliens into the United States, and shall have the control, direction, and supervision of all officers, clerks, and employees appointed thereunder."

Under this authority I am inclined to hold that the Commissioner General as well as the Secretary of Labor had authority to impose the fine.

It is contended that subdivisions (b) and (c) of section 167 show that only the Secretary of Labor could impose the fine.

(b) shows that a hearing was to be had by providing that proof that if the seaman's name did not appear on the outgoing manifest, or that he was reported by the master as a deserter would make a prima facie case.

(c) provides that if the Secretary of Labor finds it would be an undue hardship on the seaman to deport him on the vessel he arrived on, he might authorize it on some other vessel. This has nothing to do with the fine on the master for not detaining him, but only applies to the deportation of the seaman.

This is one of the administrative fines authorized by the law, and the same strictness is not required as to authority as in matters of judicial action.

Had the bond only required the captain to pay such fine as might be imposed without naming the official who was to impose it, the question might be raised.

We have here an indefinite statute simply requiring the doing of certain things but not specifying how they were to do them, and in the question presented, who was to decide it.

The officers were left in the emergency to determine for themselves the questions as they arose.

Under these circumstances I feel that every presumption in their favor should be indulged. The same strictness should not be indulged as in judicial proceedings. United States v. Bradley, 10 Pet. 363, 9 L. Ed. 448.

The further question arises whether or not under the facts shown by this record the defendant insurance company or the captain of the boat could raise the question.

We find the master had committed an offense which rendered him liable to a fine, but both the vessel and the master were seeking the accommodation of having a permit to leave. Shortly before the final determination of the imposition of the fine was entered, permission to execute a bond was granted. The bond was prepared and presented to the master who protested certain recitals in the bond, but no protest was made of the fact that the bond provided for determination of the question of whether or not a fine should be imposed by the Commissioner General instead of the Secretary of Labor. Conceding that if the bond was void the surety could raise the question as well as the principal, still if the principal were estopped then the surety would be, and under these facts it seems to me the principal was estopped because the bond was made at his request and for his accommodation, and no protest raising this question was made by him. He being estopped, the surety is also estopped. United States v. National Surety Co. (D. C.) 20 F. (2d) 972.

An order will be entered sustaining the demurrers to the plea.